NO. 8454

COURT OF APPEAL

PARISH OF ORLEANS

————

STATE OF LOUISIANA

versus

ABBOTT AUTO CO. LTD.

————

66

Dinkelspiel; J.

The questionspresented in this case are:

The State of Louisiana filed a rule against the defendant, claiming that the defendant company prior to March 1st, 1921, prsented to the State Tax Collector, its affidavit, alleging that the gross receipts from its retail business for the year 1920 were more than the sum of $300,000.00, and less than the sum of $400,000.00, and by virtue of said affidavit paid to the State Tax Collector, who received the same, the sum of $360.00, said affidavit bringing it under the eleventh class of Section 9 of Act 231 of 1920, and the license bxxxg based on this affidavit issued under Sec. 33 of said Act.

The answer of the defendant company admits that it is engaged in the busíness of retail dealer in the city of New Orleans; denies that it has not paid the State of Louisiana, a proper license tax, for the year 1921; admits having paid as a license tax the sum of $360.00, based on the affidavit of gross receipts in excess of $300,000.00, and less than $400,000.00, which defendant claims is the proper license tax; denies that the gross receipts for the operation of said business will be for the year 1921, more than the sum of One Million Dollars; denies that there is due to the State of Louisiana, the sum of $840.00; admits that it is necessary to present to the Court for inspection, its books, written entres, memorandums, etc., so that its license due by it be duly shown. The answer further alleges that it made application for the license for the year 1921 on the basis of gross sales of $300,000.00 or more and less than $400,000.00, and that said license being of the eleventh class of Section9 of Act 233 of 1920; alleges that their gross sales for the year 1921 will be as much as $500,000.00, but will not exceed $600,000.00 and under that section and under the provisions claimed, they deposit in the registry of the court the sum of

67

$290.00 being the difference between the amount of $360.00 already paid and the amount due. Wherefore they pray for judgment.

Under Section 32 of the Revenue Act of 1920:

"That the annual receipts, capital, sales, premiums, commissions and earnings in this Act referred to as a basis of license, are those for the year for which the license is granted; the standard for their estimation shall be prima facie of the preceding year if the business has been conducted previously by the same party or parties to whom they claim to be successors. If the firm or company be new, the amount of gross sales for the first two months shall be considered the basis, and six times that amount shall be estimated as the annual receipts of such business; provided, that any person commencing business after the first of July, shall pay one-half of the above rates."

This clause means that the receipts of the preceding year shall be the lowest standard upon which the license shall be estimated, prima facie, and which the State shall have an absolute right to demand. But that if the receipts during the year for which the license has been granted prove to be larger, the/right to claim an amount of license based upon such increased receipts. To make certain that this statute is the one the State is to be guided by is made clear by the provision of Section 33, which provides for the collection of the licenses of the previous year and reads as follows:

"Section 33. That the business of the previous year, as also the actual condition and results of business of the current year, for new firms, associations or corporations, for the purpose of calculating licenses, shall be ascertained by the tax collector in the sworn statement of the person or persons in interest, his or their duly authorized agent or officer, made before the tax collector or his deputy; provided that if the tax collector be not satisfied with the said

68

sworn statement, he shall traverse the same by a rule taken in proper court, which rule shall be tried summarily, whether an answer be thereto filed or not. On the trial of said rule, the books and written entries and memoranda of said person or persons, firms, companies, corporations or parties, shall be brought into court, and subjected to the inspection and examination of the court, the officer who took kkxx the rule, and such experts as he may employ or the court may appoint; provided, that this ixxxx inspection shall not be construed as entitling the defendant to introduce in evidence said books and documents any more than he would have been without such txxxxxkxxx inspection; provided, also that the license shall issue in accordance with the said sworn statement, notwithstanding the prospect or pendency of the rule, and the final ratifdcation shall be made as ordered by the court.

It is evident from the sections of. the Statute quoted, particularly Section 33, that it means that the method of ascertaining the basis for adjustment or regulation of the license shall be accepted on its face. The necessity in writing this section was to meet the situation prsented. It is further evident that the affidavit of the defendant company was only prima facie and not conclusive, and the State had a perfect right to traverse. Of course in order to issue the license the State was compelled to take the affidavit as presented, but Section 33 gives the right to the State to traverse, as was done in this case, and the fackxtkxtxkkx words prima facie which appear in Section 32, in no manner conflict, but strengthens in our opinion Section 33 of the Act.

We are informed that the provisions of this Act and the intentions of same have not been passed upon by our Supreme Court and our own efforts to ascertain whether they have been adjudicated upon have been unsuccessful. We are compelled,

therefore, to hold that in the many years prior to the present Act the State based its revenues from this source just as it did in the years 1920 and 21; any other rule to be now applied would be an innovation and we cannot see that the mere words of the act differ in any respect from preceding acts on the same question.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court a quo be and the same is hereby affirmed, costs of both Courts to be paid by defendant.

-Judgment affirmed-

I respectfully dissent for written reasons to the hereafter filed

W. H. Bell
Judge